## Luther Jeffreys v. The State.

### No. 3581. Decided June 5, 1907.

**1.—Fraudulent Conversion—Statutes Construed—Bailment—Arrest of Judgment.**

In a prosecution under article 877, Penal Code, for fraudulent conversion of property, it was not necessary, where the property is obtained under bailment, to allege the fraudulent taking, false pretenses, fraudulent representation, or that the property was obtained with the intent to appropriate it at the time of the taking; the subsequent fraudulent conversion without the owner's consent is sufficient.

**2.—Same—Venue—Question of Fact—Identity of Defendant.**

Where upon trial of fraudulent conversion of property, the conversion of the alleged property and venue was proved by circumstances, and the identity of the defendant was sharply contested, and became a question of fact peculiarly for the decision of the jury, there was no error in the conviction.

**3.—Same—Stenographic Statement—Bill of Exceptions—Stranger—Witness.**

The Court of Criminal Appeals will not look through a stenographic statement of facts to ascertain what was intended to be reserved in a bill of exceptions; such bill must be clear and specific so that upon inspection the court can see, as clearly as it would from a bill separately reserved, what was intended to be reserved; and where there is nothing in the bill to show that the testimony offered was for the purpose of sustaining the testimony of the witness who was a stranger the matter will not be reviewed.

**4.—Same—Newly Discovered Testimony—Affidavit—Diligence.**

Where upon motion for new trial there was no affidavit attached to the motion stating that the facts set up were newly discovered testimony, and the same were known or could have been known before trial, there was no error in overruling the motion.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of fraudulent conversion of property held under bailment; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*House Lee* and *B. B. Sturgeon*, for appellant.—On question of venue: West v. State, 28 Texas Crim. App., 1. On question of indictment: Jones v. State, 8 Texas Crim. App., 648; Warrington v. State, 1 Texas Crim. App., 168; Hernandez v. State, 20 Texas Crim. App., 151; Wilson v. State, id., 662. On question of witness being a stranger: Crook v. State, 27 Texas Crim. App., 198.

*F. J. McCord*, Assistant Attorney-General, for the State.—On question of indictment: Purcelly v. State, 29 Texas Crim. App., 1.

DAVIDSON, Presiding Judge.—The indictment was framed under the provisions of article 877, Penal Code, which denounces the punishment against fraudulent conversion of property, the possession of which was obtained by contract of hiring, borrowing and other bailment. Mo-

tion in arrest of judgment was urged because there is no allegation that the property was converted to the use and benefit of the defendant in Fannin County, and, second, that it fails to allege the theft of the two horses named in the indictment, under the general statute of theft, and third, it fails to allege that the property was obtained by false pretenses and fraudulent representation. It is not necessary where the property is obtained by means of a contract of hiring, or borrowing or other bailment, that it shall allege a fraudulent taking, or that the property was obtained by false pretenses, or fraudulent representations, or that the property was obtained with the intent to appropriate at the time it was obtained. If the property was obtained by contract of hiring or borrowing or other bailment, and it is subsequently fraudulently converted without the owner's consent by the borrower or hirer or bailee, it is sufficient to so charge in the indictment. We are of opinion that the indictment sufficiently charges the offense denounced by article 877, Penal Code.

There are two serious contentions in this case, raised by appellant, in motion for a new trial: First, the insufficiency of the evidence to show a conversion of the property in Fannin County, and, second, that appellant was the man who obtained the horses from the alleged owner Wilson. The State's evidence, in substance, shows a party went to the stable belonging to Wilson and his partners, and hired a buggy and a pair of horses for a couple of days to go to Albany or near Albany in the Indian Territory; that he obtained the horses and drove away, making inquiry of Wilson if Pryor ferry was the proper place to cross Red River in going to Albany; that some month or such a matter afterward Wilson recovered the buggy and the harness some one hundred and twenty-five miles away from Bonham in the Indian Territory or Oklahoma, and in somewhat different direction from Albany, Albany being north or a little northeast, and the place where the property was recovered, known as Boggy Station, was rather northwest from Bonham. The evidence further shows that the horses have never been recovered. The party making the contract for hiring represented himself under the name of D. J. Davis. Wilson identified appellant as being the man, stating his reasons, etc., why he knew him to be the man. Without going into a detailed statement of this, we are of opinion that this evidence was sufficiently strong for the jury to find that appellant was the man who obtained the horses and buggy. There is no evidence that appellant was ever seen in possession of the property after he left Wilson's stable; neither side introduced any evidence putting him in possession of the property or in disposing of the property other than stated. Appellant himself denies that he was the party who made the contract, and introduced evidence of a more or less cogent nature that he was at a different place, one hundred and twenty-five miles or more, from Bonham the very day that the party obtained the horses and buggy from Wilson. Several witnesses swear to this state of facts. It was a sharply contested issue as to his identity, and

was, under the facts, peculiarly one for the decision of the jury. We are not prepared to say that the evidence for the State does not justify the verdict.

In regard to the matter and place of conversion, we are of opinion that under the facts the jury was authorized to find that this occurred in Fannin County. If appellant was the party who obtained the property, there was some evidence of fraud attached to his statement, for he gave an assumed or false name, to wit: D. J. Davis, when in fact his name was L. P. Jeffreys; he stated that he was going to visit a young lady near Albany, and would be gone a couple of days; he was anxious to obtain a better pair of horses than those he secured, and tried to do so at another stable in the town of Bonham; he drove away with the property, and was never seen or heard of in connection with it by any witness in the case subsequent to his leaving the town of Bonham. Conversion, under article 877, can be proved by circumstances as well as by direct and positive testimony, and we are of opinion this case comes within the rule laid down in Steadham v. State, 40 Texas Crim. Rep., 43, and Elton v. State, 40 Texas Crim. Rep., 339. We are of opinion the jury was authorized under these authorities to find the conversion was in Fannin County.

Appellant suggests error on the part of the court in not permitting the introduction of testimony of the good reputation for truthfulness of the witnesses Davis, Castleberry and Holt. There was no separate bill of exceptions reserved presenting this question. In a general way there are exceptions to the refusal of the court to permit the introduction of this testimony reserved in the stenographic statement of facts; except in a most general inferential way the reason for the introduction of this testimony is not stated. When the ojection of the State was sustained, appellant's counsel stated, "I want it to appear in the bill that the district attorney, in cross-examination of this witness, by direct questions asked him, attacked his testimony with reference to the written memoranda that he presented, and to that extent impugned and attacked his truthfulness as a witness, and I offer this testimony, and I expect the answer of the witness to be in the affirmative without stating in the presence of the jury what it would be, and we except to the ruling of the court." The question propounded was, "Are you acquainted with his general reputation among the people where he lives, for truth and veracity?" This had reference to the witness Holt. We are cited to the case of Crook v. State, 27 Texas Crim. App., 198. We have held repeatedly that we will not look through a stenographic statement of facts to ascertain what was intended to be reserved in a bill of exceptions; that is, if the bill should be reserved in a statement of facts, it must be clear and specific, so that the court will see from an inspection of the bill thus reserved, as clearly as it would from a bill of exceptions separately reserved, what was intended to be reserved, in the statement of facts. There is nothing in the statement of counsel to show that he was offering this testimony to meet an

attack of a witness who was a stranger, and we will not go through the stenographic statement of facts to ascertain matters of fact and other matters that should be embodied in a bill to make it a complete one presenting questions to be discussed or decided by the court. The rule contended for by appellant is that where a witness, who is a stranger, is attacked in such manner as to discredit him before the jury, in regard to his standing as a witness, would authorize his being supported from the standpoint of his good reputation for truth and veracity. This rule was laid down in Phillips v. State, 19 Texas Crim. App., 158, and Crook v. State, 27 Texas Crim. App., 198, and those cases have been followed as late as Harris v. State, 16 Texas Ct. Rep., 214. But this question is not presented by this bill of exceptions in such manner as authorizes us to consider it. Nor do we think there is any merit in that portion of the motion for a new trial setting up newly discovered testimony. There is no affidavit attached to the motion for a new trial by appellant stating that these facts were newly discovered, and in fact, nearly all, if not all, of the testimony is not newly discovered even if it could be considered, because most of it was known or could easily have been known by appellant before his trial.

As the errors are presented to us, they are not of sufficient importance to require a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*