J. E. ATKINSON v. THE STATE.

No. 1820. Decided June 5, 1912.

Rehearing denied June 28, 1912.

**1.—Occupation—Intoxicating Liquors—Local Option—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent the same was sufficient. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction and the charge of the court correctly applied the law thereto, there was no error.

**3.—Same—Charge of Court—Definition—Occupation.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the court's charge in defining what is meant by engaging in or pursuing the occupation or business of selling intoxicating liquors in such territory, not only followed approved precedent but was more favorable than was necessary, there was no error. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**4.—Same—Stating Facts—Practice on Appeal.**

Where, upon motion for rehearing, appellant complained that the Appellate Court was not justified in stating in the original opinion, that the testimony clearly showed by the records of the Wells-Fargo Express Company, etc., de-

liveries of intoxicating liquors to appellant, but the statement of facts sustained the Appellate Court in such statement, there was no error.

**5.—Same—Evidence—Express Company—Public Record.**

Upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, it was not necessary to produce the agent of the express company who made the entries of deliveries of intoxicating liquors to the defendant, but the record books of the express company showing such entries were properly introduced in evidence, as they were at least a quasi public record; besides such deliveries were proved by other evidence. Followed Stephens v. State, 63 Texas Crim. Rep., 382.

Appeal from the District Court of Jones. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Joe. C. Randel,* by appointment of court, for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for pursuing the occupation or business of selling intoxicating liquor in Jones County, after prohibition had been duly put in force therein.

Appellant made a motion to quash the indictment and in arrest of judgment on the grounds: First, that it charged no offense against the law; second, it failed to allege that the defendant had made two sales of intoxicating liquor in said county within three years preceding the filing thereof; and, third, because the indictment did not negative the exceptions stated in the law, "except as permitted by law."

The indictment in this case followed strictly the form laid down in Mizell v. State, 59 Texas Crim. Rep., 226, which has always been adhered to in repeated decisions since by this court. See also Slack v. State, 61 Texas Crim. Rep., 372. All the questions raised by appellant in his motions have been uniformly held against him.

The indictment in this case charges that the appellant on or about December 18, 1911, unlawfully engaged in and pursued the occupation of selling intoxicating liquors in violation of the law, after the prohibition law had been theretofore put into force and was then in full force and effect, and that on or about December 18, 1911, he made two different sales of intoxicating liquors to one Otho Gooch, and on or about the same day made other sales to other persons to the grand jurors unknown; and during the months of November and December, 1911, made more than two sales.

The testimony clearly shows by the records of the Wells-Fargo Express Company at Hamlin, in Jones County, and by the persons who had charge of such books and actually made the delivery of intoxicat-

ing liquors to appellant, deliveries of intoxicating liquors to him, as follows: On November 4, 1911, four quarts; on November 11, four quarts, and again on the same day six quarts; on November 14, four quarts, on December 10, either six or eight quarts; on December 11, four quarts; on December 23, four quarts, and on the same day another four quarts, making a total of thirty-eight quarts delivered from November 4, 1911, to December 23, 1911; that all of these packages of whisky were shown to have been shipped from the Oak Hall Saloon, in Waco, Texas, to appellant at Hamlin, Texas, in his name, and that they were received by him and receipted for by him on the books of said express company. The testimony as to the signature in two or three of these shipments are not made entirely clear, but is amply sufficient to show that the liquor was received by appellant. The testimony further shows that Otho Gooch purchased two quarts of whisky from appellant, one on December 5 and the other December 19, 1911, and paid him therefor; that at the time the two sales were made appellant was in an old unused and unoccupied—otherwise than by him—storehouse fixing the locality in Hamlin, Jones County. And the testimony also showed by several persons that he was occupying this old storehouse during that time. There was no indication that any other business or work was conducted or done therein by appellant during that time.

Appellant denied making any sale to said Gooch at the time testified to by him or at any other time. He testified that at a different place and at a different time said Gooch took a quart of whisky that belonged to him without his consent and that Gooch afterwards admitted it to him and promised to return it to him or pay for it. Gooch positively denied all of this.

The charge of the court is clear and distinct, following the law strictly, and required the jury to believe, beyond a reasonable doubt, that the appellant at or about the time charged in the indictment and prior to the filing thereof, on January 5, 1912, unlawfully engaged in and pursued the occupation and business of selling intoxicating liquors, as alleged, and at any time after December 1, 1911, and prior to January 5, 1912, did make two different sales of intoxicating liquors to said Gooch, as alleged in the indictment, to find him guilty.

In one separate paragraph of the charge the jury is told that in order to constitute engaging in and pursuing the business of selling intoxicating liquors, it must appear that defendant pursued such business as a business or calling and for profit or gain and it must be shown that at least two sales were made by defendant as alleged between December 1, 1911, and January 5, 1912.

Again, in another separate paragraph, the court charged them that to constitute engaging in or pursuing the occupation or business of selling intoxicating liquors, it is necessary for the State to prove beyond a reasonable doubt that the defendant unlawfully engaged in or

pursued the occupation or business of selling intoxicating liquors in Jones County, Texas, at the time alleged in the indictment, and that said sales, if any, were made to Otho Gooch prior to the 5th of January, 1912, which is the time of the filing of the indictment in this case, and unless they so believed beyond a reasonable doubt to acquit him. And also in a separate paragraph charged the reasonable doubt.

In addition to this still, the court gave to the jury appellant's third special charge as follows:

"You are further charged that 'in order to constitute engaging in or pursuing the occupation or business of selling intoxicating liquor it must appear that defendant pursued such business for profit or gain,' and it must be shown that at least two sales of intoxicating liquor had been made by the defendant. And unless you so believe you will acquit the defendant and say by your verdict not guilty."

None of the appellant's objections to the court's charge are well taken. Neither should the court have given any of the other special charges requested by appellant. The court's charge defining what is meant by engaging in or pursuing the occupation or business of selling intoxicating liquors is more favorable to appellant than other charges on the same subject approved by this court. See Fitch v. State, 58 Texas Crim. Rep., 366; Clark v. State, 61 Texas Crim. Rep., 597, 136 S. W. Rep., 261; Hernandez v. State, 64 Texas Crim. Rep., 73, 141 S. W. 269-73; Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W. Rep., 914, recently decided.

We have carefully considered all of appellant's complaints and none of them present any reversible error. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 28, 1912.

PRENDERGAST, JUDGE.—In his motion for rehearing appellant complains that the court was not justified in stating in the original opinion that "the testimony clearly shows by the records of the Wells-Fargo Express Company at Hamlin, in Jones County, and by the persons who had charge of such books and actually made the delivery of intoxicating liquors to appellant, deliveries of intoxicating liquors to him as follows:" Then giving the dates and quantities, etc., of the liquors so shipped. Without quoting the whole testimony we will state and quote enough of it to show that the court was entirely within the evidence in making the statement complained of.

The witness King, for the State, showed that he was the agent of said express company at Hamlin, where appellant was charged with the commission of the offense; that he was checked in there on December 27, 1911, just after all these deliveries, as shown by the book, were made to appellant. After showing that the agent is required to keep just such record as was introduced in evidence, the witness then testified: "This record shows the date of the shipment,

its receipt and delivery, consignee and consignor, and what the shipment is and the amount. That record is kept in compliance with law at my station, and I have that record with me. (He exhibits record to the jury.) This book is designated as the record of shipments of intoxicating liquors received by Wells-Fargo & Co. Express for delivery at the office at Hamlin, State of Texas. This record shows that on November 4, 1911, we received at our office at Hamlin one package of liquor, containing four quarts from the Oak Hall Saloon at Waco, Texas, addressed to J. E. Atkinson, and shows to have been delivered to J. E. Atkinson—only, of course, the signature in this book is not plain. On the 11th of November, 1911, I find one package of liquor from Oak Hall Saloon, Waco, Texas, of four quarts, and on the same day one package from same place for six quarts, both consigned to J. E. Atkinson, at Hamlin, Texas. On the 14th of November I find a package of four quarts of liquor from Oak Hall Saloon, Waco, to J. E. Atkinson. On December 10 I find a package of liquor at Hamlin, from the Oak Hall Saloon, Waco, Texas, addressed to J. E. Atkinson; that was either six or eight quarts—I can not tell exactly, but know it was either six or eight by the charges on it. On December 11 J. E. Atkinson received from the Oak Hall Saloon at Waco, Texas, one package of liquor, of four quarts. Yes, on the 10th he got six or eight quarts and on the next four quarts. Both and all of these shipments were consigned to Atkinson from the Oak Hall Saloon, at Waco, Texas. On December 23 I find one package of liquor, four quarts, from Oak Hall Saloon at Waco to J. E. Atkinson. On the same day, December 23, there was another shipment of four quarts from Oak Hall Saloon to J. E. Atkinson. Yes, he received eight quarts on December 23. My record here shows that J. E. Atkinson received thirty-eight quarts of whisky or liquor during the months of November and December, 1911, at Hamlin, Texas. I might have overlooked one shipment."

This shows, not only the testimony of this witness, but that the record book was presented and exhibited to the jury and showed from the entries therein just what the witness had testified. This book is, under the law, at least a quasi public record. Stephens v. State, 63 Texas Crim. Rep., 382, 139 S. W. Rep., 1146. It was not necessary to produce the agent of the express company who made the entries. The book itself was identified, no objection was made to it and the entries having been made in the regular discharge of the agent's duties, as shown, was all that was necessary. State v. Thompson, 74 Iowa, 119.

Again, the witness Shirley showed that he was at work for the said express company at Hamlin during the whole of the time when these shipments of intoxicating liquors were shown to have been made to and delivered to appellant. This witness shows that he delivered express packages containing liquor to appellant and that he delivered no other packages, excepting intoxicating liquors to him. He was

not sure that he made the delivery to appellant of the November 4 entry. "There were so many deliveries to him, I can't remember them all. . . . He always had to come and sign the book to get the liquor, and generally he came to the depot and carried it away himself." This witness could not identify all of the signatures in said book as the signatures of appellant, as stated, in effect, in the original opinion, and while the name "Atkinson" was apparently spelled differently in two or three of the signatures, this witness testified that he thought the same person signed the signatures—those spelling the name correctly, as well as those apparently incorrectly. He also showed the rules of the company about the keeping of the books and that they were correctly kept and that he never delivered a package of liquor to anybody except the consignee. All these entries of the books were shown to have been of intoxicating liquors from the Oak Hall Saloon in Waco, consigned to appellant at Hamlin. This witness further testified: "There never was a package that came to J. E. Atkinson from the Oak Hall Saloon at Waco, Texas, that I delivered that I did not deliver to J. E. Atkinson in person."

Appellant himself, among other things, admitted that he, during the time indicated by said book, made repeated orders of whisky as shown thereby and received such shipments and, while he claims that he ordered whisky for others and in a few instances permitted them to order whisky in his name, he stated that he could not tell which of these shipments the other men received their whisky from, and he did not know whether he got these various shipments which the express records show or not. That he never got any whisky out of the express office without signing for it and he did not know whether all these signatures on the record were his or not, claiming that he did not see them in the book when it was exhibited to the jury.

Appellant also claimed that the evidence was insufficient to sustain the verdict. We have carefully considered the evidence, and in our opinion it is amply sufficient to sustain the verdict. It is sufficiently stated in the original opinion.

There is nothing further raised that requires notice or discussion. The motion is overruled.

*Overruled.*