DENE MAUD CREED v. THE STATE.

No. 2657. Decided October 29, 1813.

**1.—Occupation—Intoxicating Liquors—Motion for Continuance.**

Upon appeal from a conviction of pursuing the business and occupation of selling intoxicating liquors in local option territory, there was no error in overruling a motion for continuance, in the light of the testimony in the record. Davidson, Judge, dissenting.

**2.—Same—Change of Venue—Remarks by Judge.**

In the light of the testimony in the record on appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in overruling a motion for change of venue and an objection to the remarks made by the trial judge. Davidson, Judge, dissenting.

**3.—Same—Charge of Court—Other Transactions.**

Where defendant raised the issue that she did not know as to the whisky under the floor and that she had rented the room to another, the court's charge should have submitted this issue to the jury on trial of a violation of pursuing the occupation of selling intoxicating liquors in local option territory.

**4.—Same—Charge of Court—Limiting Testimony—Other Transactions— Agency.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court, in limiting the testimony as to agency and the sales alleged to have been made to a State's witness, confined the same to sales made by the defendant instead of the occupation pursued by her, the same was reversible error.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of pursuing the occupation of selling intoxi-

cating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On question of change of venue: Barnes v. State, 59 S. W. Rep., 882; Randle v. State, 34 Texas Crim. Rep., 43; Gallagher v. State, 55 id., 50.

*C. E. Lane,* Assistant Attorny-General, *Henry S. Bishop,* District Attorney, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of pursuing the business and following the occupation of selling intoxicating liquors in local option territory, and given two years in the penitentiary.

Appellant filed an application for a continuance, which was overruled, and presented by bill of exceptions. The indictment was returned on 20th of January, 1913. Her arrest occurred on 22nd or 23rd. She employed an attorney, Mr. Cooper, to look into the case. After making an investigation process issued for the witnesses on 25th of January. The case was called for trial on 27th; at least the motion to change the venue was filed that day. After hearing the evidence pro and con for some length of time this motion for change of venue was overruled on 29th. Application for continuance was then filed and overruled, and the case went to trial. Several witnesses were sought to meet the State's case. The absent witnesses were McClellan, Bracken, Ratliff, O'Neal, Henry, and Dunnaway. It is unnecessary, under our view of the case, to state the diligence further than has been stated. Two or three of the witnesses were temporarily absent from the State; one was in Tarrant County, process for whom has not been returned. The State was permitted to introduce evidence that the sheriff of Potter County searched the house occupied by appellant after she was placed in jail, and under one room of the house found intoxicating liquor. This room is shown to have been occupied by a couple of parties who were lodgers. The testimony of the absent witnesses would have strongly corroborated the testimony of the defendant when she testified in her own behalf that such room was not under her control, and that she had no knowledge of the presence of intoxicating liquor claimed to have been found by the sheriff. In this attitude of the case this testimony was very material, especially so when viewed in the light of the charge and the admission of the sheriff's testimony, as above stated. The testimony introduced in this connection showing intoxicating liquor had been found under the room occupied by these other parties to whom she had rented the room, and having failed to connect her with it otherwise than the mere fact of its being found there, the testimony of the witnesses if they had sworn as she expected them to swear and as she stated they would swear, that she had rented the room out to other parties and whisky was found under their room, she being in

nowise connected with it, and knew nothing about it being there, was very important and material, especially so in view of the fact that the court instructed the jury they could consider the evidence for the purpose of proving that she was engaged in the business of selling intoxicating liquors. This was the first application. The diligence was unquestioned, and in view of this record and the meagerness of the testimony showing she was engaged in the business, made this testimony very material, and it made it the more material by reason of the fact that appellant herself was the only witness who testified to her want of connection with this whisky. This she denied most emphatically. Had this testimony been before the jury that body might have concluded that this evidence could not be used against her. Of course, we readily understand how defendant testifying in his own behalf against incriminating facts by the State would be regarded by the jury. He is the interested party, and, therefore, his testimony would be viewed with some degree of doubt and misgiving. The absent witnesses had no interest in her case, while she was very much interested in it. Being the first application, the evidence material, the diligence ample, and defendant being the only witness who was able to testify to the facts expected to be shown by the absent witnesses, it was obligatory on the court to have granted this continuance in order that this woman could have had at least the advantage of testimony that tended to destroy the State's case and meet the evidence introduced by the State. It may be further stated in this connection that she was in jail at the time the sheriff investigated the premises. For this reason the judgment must be reversed.

Another bill of exceptions recites that while appellant's counsel was examining the witness Smith and attacking his testimony as best he could by showing the various places of his residence and occupations that Smith had followed during the past six years, the court interrupted the examination by making this statement: "I do not see any use in this long rigmarole of evidence being offered; that it was not material in his opinion," and upon counsel objecting the court further remarked, "but you can go ahead, but I don't see any use in it." Objection was urged to this because the remarks of the court was on the weight of the testimony and giving his views thereof in the presence and hearing of the jury in violation of statutory provisions; that the remarks were prejudicial to appellant's cause, and calculated to overcome and relieve the witness from the odium of his occupation and residence, and strengthen his credibility before the jury. It is also claimed in the bill of exceptions that it is always permissible to show a man's occupation and business and change of residence as affecting his credibility, and such residence and occupations were changed repeatedly without the witness having worked or followed any business and would have to some extent discredited his testimony before the jury but for the remarks of the court, and the remarks of the court were calculated to and did cause the jury to believe that in the opinion of the court it would make

no difference if the witness was a thief or vagrant; that in this particular character of case his testimony ought to be believed. The statute prohibits the court from expressing his views about testimony being introduced, and requires him only to rule on objections made. This was error, and in conflict with the statute.

The court charged the jury that "If you believe from the evidence that the witness Harbour Jones procured whisky from defendant on the two occasions testified by him, but believe from the evidence that she acted as the agent of said witness and secured the whisky from some other person than said witness and was not the owner or in any manner interested in said liquors, then you are instructed that she would not be guilty of selling whisky unlawfully to said witness, and you can not convict the defendant for said sales, if any, under this indictment." Various objections were urged to this charge. We believe this charge does not properly submit the issue. Appellant was charged, it is true, with making two sales, but she was charged with pursuing the business and following the occupation of selling intoxicants in violation of the local option law. While the court's charge is correct as pertaining to selling, yet appellant was charged with pursuing the business. This charge should have gone further and instructed the jury that if she simply obtained the whisky as an accommodation or as agent of Jones this could not be considered in the matter of following the business of selling. The trouble with the court's charge is, it is too restrictive in its limitation. One of the main propositions in the case is following the business. While it was necessary to prove two or more sales, still the court's charge should have also limited the agency to the business. As before stated, if she was procuring it as agent for Jones or as an accommodation to him, that would constitute neither selling nor engaging in the business of selling.

Another charge was given by the court in the following language: "In this case certain evidence was introduced before you tending to prove the presence of certain concealed intoxicating liquors, on the defendant's premises, other than those liquors alleged to have been sold and delivered to the persons named in the indictment, and you are instructed that you can only consider such evidence, if at all, in determining whether or not defendant was engaged in pursuing the occupation and business alleged in the indictment, and you will not consider the same as tending to prove any of the specific sales set out in the indictment." This charge is seriously attacked on various grounds for various reasons. This is the intoxicating liquor claimed to have been found by the sheriff under the room at appellant's house after she was arrested and for whom she sought a continuance for the absent witnesses to disprove or show that she was not in possession of the liquor and that it was not her whisky. She did to some extent prove she had not shipped whisky except on certain occasions into that territory, none of which was included in the whisky found under the room in the house. It is not necessary to discuss that phase of the testimony

which shows the amount of whisky she shipped, and the whys and wherefores. It did not enter into this particular case, except this whisky was not included. The sheriff testified he found a certain number of bottles of whisky under the house that were old and covered with dust; that it had been there a good while. Appellant denied knowing anything about it, and also that she had any connection with it. By her testimony she relieved herself of all connection with the whisky. Whether the jury believed this or not is not the question here; or whether they believed the sheriff or not is not the question, so far as this charge is concerned. The court instructed the jury they could consider this evidence in determining whether or not defendant was engaged in pursuing the occupation or business of selling intoxicating liquors. If she had shipped this whisky, or it belonged to her, there might not have been so much error in this charge, but she emphatically denied this, and separated herself from any connection with it. If the court saw proper to limit this testimony, or thought it was necessary, he should also have instructed the jury that before they could consider it against her they should also find that she was keeping the whisky there or it had been placed there by her or at her connivance and authority. If it had been shown that she had whisky placed there or had placed it there herself, it was a circumstance, but if she did not and had nothing to do with placing it there, then it was not a circumstance against her. She testified she had nothing to do with it and was not aware of its presence. The sheriff did not say she placed it there; he only stated he found it there. This charge was on the weight of the evidence, was unfair to defendant, and evidently left the impression upon the minds of the jury that the court believed she put it there, and they could consider it against her in regard to pursuing the business. This was on a crucial point in the case. It was upon the weight of evidence and ignored her testimony altogether. If upon another trial this matter should be charged to the jury, they must be so charged as not to ignore her testimony in the case; they must first find before they can consider this as a circumstance against her that she was in some way connected with the whisky being at her house.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE, HARPER, JUDGE.—We concur in reversing and remanding this cause on account of two errors in the charge of the court. One is that Sheriff Burwell testified to finding forty-five pints of whisky under the floor of appellant's house; she testified that she had rented this room, under the floor of which the whisky was found, to one Geo. Jackson, and he was occupying the room, and she did not know this whisky was there. The court instructed the jury they could consider this testimony in determining whether or

not she was engaged in pursuing the occupation or business. Appellant raised the issue she did not know the whisky was under the floor, and the charge of the court should have instructed the jury that if the whisky was owned by Jackson or any other person than appellant, and it was placed there without her knowledge or consent, it could not be considered against her for any purpose; that if they believed the whisky belonged to appellant and was placed there by her, or with her knowledge, then it could be considered in passing on the issue of whether or not she was engaged in the business.

Again in limiting the testimony as to sales alleged to have been made to Harbour Jones, the court instructed the jury if they believed that appellant acted as agent in procuring the whisky for Jones, she would not be guilty of making a sale to him, but permitted such testimony to be considered in passing on whether or not she was engaged in the occupation. Appellant requested a charge that if she acted as agent in procuring this whisky, same could not be considered as evidence that she was engaged in the business, and this should have been given.