EARL FISHER v. THE STATE.

No. 4517.   Decided. June 13, 1917.

Rehearing granted June 29, 1917.

**1.—Occupation—Selling Intoxicating Liquors—Special Term of Court.**

Where the District Court was in session in another county in the same district, it was no defense that defendant was tried during a special term of said court in another county of said district, and the motion to quash the indictment on that ground was correctly overruled. Following Elliott v. State, 58 Texas Crim. Rep., 200.

**2.—Same—Alibi—Charge of Court.**

Where the court's charge correctly submitted the issue of an alibi in his main charge, there was no error in refusing a requested charge on the same subject.

### 3.—Same—Definition of Offense—Charge of Court.

The criticism of the definition of the offense contained in the main charge can not be sustained, as the same is upheld by precedent. Following Fitch v. State, 58 Texas Crim. Rep., 367, and other cases.

### 4.—Same—Accomplice—Charge of Court.

Where the evidence did not sustain the contention that the State's witness was an accomplice, there was no error in the court's refusal of a requested charge thereon. Following Ray v. State, 60 Texas Crim. Rep., 138, and other cases.

### 5.—Same—Bill of Exceptions—Practice on Appeal.

Where the bill of exceptions fails to point out the objectionable testimony, or to disclose sufficient facts to enable this court to pass upon its probable effect, it can not be considered on appeal. Following Harris v. State, 64 Texas Crim. Rep., 594. However, when considered, there is no reversible error, in as much as the trial court was not authorized to assume as a matter of law that the witness was an accomplice, or that his testimony was essential to a conviction.

### 6.—Same—Evidence—Express Company—Record of Shipment.

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in permitting the State to introduce the books of the express company showing shipments of intoxicating liquor to the defendant, and to permit the express agent to testify that the books contained a certain entry of a delivery of whisky to the defendant on a certain day, although in the handwriting of another agent, with which the witness was familiar. Following Stephens v. State, 36 Texas Crim. Rep., 382, and other cases.

### 7.—Same—Charge of Court—Allegations—Proof—Two Sales.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment alleged three separate sales of such liquor to a party named therein, the charge of the court should have required the jury to find from the evidence as a predicate for conviction that two sales of intoxicating liquor had been made by the defendant to such person, although there was evidence that defendant had made a sale to a person not named in the indictment, under a general allegation that sales were made to unknown parties. Following Rhodes v. State, 75 Texas Crim. Rep., 659.

### 8.—Same—Unknown Parties—Indictment.

It is not to be understood that in a case where the names of the purchasers are unknown, and can not be ascertained by the grand jury, that an indictment can not be drawn, and the prosecution maintained, but the record in the instant case does not show such a contingency.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Harry Tom King,* for appellant.—On the question of definition of the offense, requiring allegation and proof of two sales: Fitch v. State, 58 Texas Crim. Rep., 367, 127 S. W. Rep., 104, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for pursuing the business of selling intoxicating liquors in prohibited territory.

The allegations in the indictment sufficiently charge the offense, and that pursuant to said business the appellant made three sales of intoxicating liquors to one Alexander. There was evidence that appellant made the sales named in the indictment as well as other sales. So far as disclosed by the facts he had no other occupation. Each of the sales was of a particular brand of whisky put up in pint bottles and was delivered by appellant off of his person. That on other occasions he was found in possession of packages of the same character, and there was proof of numerous consignments of intoxicating liquors to him and receipt by him therefor to the express company.

The indictment is attacked on the ground that it was found at a special term of court under circumstances that are unauthorized by law in that a term of court was in session in another county in the same district at the time this special term was held. The facts are not materially different from those passed on in Elliott's case, 58 Texas Crim. Rep., 200, and upon the authority of that case the assignment is overruled.

The charge of the court is assailed upon various grounds, among them, that a special charge should have been given advising the jury that a conviction could not be had alone upon the proof of two isolated sales. The correctness of this principle is established by the statute and its construction in Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125, and other cases following that case. It is not applicable to this case, however, for the reason that the conviction does not rest alone upon such proof but rests upon that and other facts and circumstances showing that appellant was engaged in the unlawful business named. Hightower v. State, 73 Texas Crim. Rep., 258, 165 S. W. Rep., 184.

The jury was told in appropriate language that appellant's conviction must be predicated upon proof beyond a reasonable doubt of the pursuit of the business of selling intoxicating liquors, and that in connection therewith there must be proof of two sales as alleged in the indictment.

A special charge on the subject of alibi was requested, but its refusal was not error for the reason that that issue was fairly submitted in the main charge.

The criticism of the definition of the offense contained in the main charge can not be sustained for the reason that it was practically in the same language that was approved by this court in the case of Fitch v. State, 58 Texas Crim. Rep., 367; Clark v. State, 61 Texas Crim. Rep., 597; Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W. Rep., 914; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Hernandez v. State, 64 Texas Crim. Rep., 73, 141 S. W.

Rep., 268; Atkinson v. State, 67 Texas Crim. Rep., 364, 149 S. W. Rep., 114; Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 277.

There is no evidence that the witness Alexander was connected with the sale of intoxicating liquor in any way save that he was a purchaser of it, and there was no error in refusing to instruct the jury on the law of accomplice testimony as applied to him. Walker v. State, 44 Texas Crim. Rep., 546, 72 S. W. Rep., 401; Marmer v. State, 47 Texas Crim. Rep., 424; Fox v. State, 53 Texas Crim. Rep., 150; Dane v. State, 36 Texas Crim. Rep., 84; Ray v. State, 60 Texas Crim. Rep., 138.

Bill of exceptions No. 7 complains of the refusal of a special charge advising the jury that the witness Walker was an accomplice and could not be the basis of conviction in the absence of corroboration. This bill of exceptions is not as specific as it should be in that it fails to show what testimony the witness Walker gave, or to point it out in the statement of facts; nor does it disclose sufficient facts to enable the court to pass upon its probable effect. These are things that have often been held essential in a bill of exceptions. Branch's Ann. P. C., p. 131, secs. 207 to 214; Harris v. State, 64 Texas Crim. Rep., 594; Vernon's C. C. P., art. 743, p. 522, and cases. We have, nevertheless, examined the record and it is disclosed thereby that the witness Walker testified as follows: "I bought whisky from him in the back alley, behind J. Sides' confectionery; back on the west side. That is, back of J. Sides' store. Me and a white fellow was back in the alley there and Earl come up about that time, and the white fellow says to me, 'Have you got any whisky?' The white fellow asked me about the whisky, and Earl came up and I asked Earl if he had anything, and he says, 'Yes,' and the white fellows says—he just gave me $1.25 and I gave it to Earl. I got the whisky from Earl. Earl had the whisky with him right there. He handed the whisky to me, and I handed it to the white man. The white man was standing there in front, and he handed me the $1.25 and I gave it to Earl."

We do not think that the court was authorized to assume, as a matter of law, that Walker was an accomplice. The evidence leaves this question in doubt, and if the court had been requested to submit the matter to the jury to determine whether he was an accomplice or not, a different and perhaps a serious question would have been presented. Wilkerson v. State, 57 S. W. Rep., 956; Williams v. State, 33 Texas Crim. Rep., 128; Brown v. State, 58 Texas Crim. Rep., 336; Vernon's C. C. P., art. 801, p. 736. We will add that Walker's testimony was not essential to a conviction. He was not one of the parties named in the indictment to whom specific sales were charged to have been made, and his testimony was but cumulative of other testimony in the record tending to show appellant's pursuit of the business of selling intoxicating liquors. Under article 743, and a construction thereof, Vernon's C. C. P., p. 502, we would not be authorized to reverse this case on account of this bill.

In bill of exceptions No. 9 complaint is made of an entry made in the express company's record of shipments of intoxicating liquor, and also of the testimony of the agent of the express company that the express company's books showed a delivery of whisky to the appellant on January 3, 1917. It appears that while the witness Kirk, the agent of the Wells-Fargo and Adams Express Companies, was on the stand he testified to the fact that upon a number of occasions he had delivered shipments of whisky to appellant, and in connection with his testimony affidavits made and signed by appellant to the effect that the liquor was not to be used or sold in violation of law were introduced. These cover various transactions during November and December, 1916, and January, 1917. One of these receipts bore date January 3, 1916. Kirk testified that the receipt of the last named date was incorrectly dated; that it should have been January 3, 1917. We understand from the testimony that the express company's book showing a delivery of four quarts of whisky to have been made to appellant on January 3, 1917, was before the jury and proved up by Kirk as the book kept by the express company, and that this particular entry was in the handwriting of another agent of the company with whose handwriting the witness was familiar; and in connection with this he testified that the books showed the delivery of four quarts of whisky to appellant on the date mentioned. The admissibility of the express book was passed upon affirmatively by this court in Stephens v. State, 63 Texas Crim. Rep., 382, 139 S. W. Rep., 1141, and in Atkinson v. State, 67 Texas Crim. Rep., 364, 149 S. W. Rep., 114. The book showing the entry being admissible and in evidence, there could be no reversible error in permitting the witness to state that the books showed this entry. His statement would be but cumulative of the fact disclosed by the book, of which fact the jury was informed by the book itself. This shipment was but one of a number of others received by appellant according to the undisputed evidence about the same time.

We have carefully reviewed the entire record and find no reversible error disclosed thereby, and, therefore, order the judgment of the lower court affirmed.

*Affirmed.*

## ON REHEARING.

### June 29, 1917.

MORROW, Judge.—The indictment charged the pursuit of the occupation and business of selling intoxicating liquors in violation of law, and charged, as was required by the statute, that pursuant thereto appellant made two sales to H. H. Alexander, and added the following: "The said Earl Fisher did make other and different sales of intoxicating liquors in violation of said law, to persons whose names are to the grand jurors unknown, and did then and there in the County of Taylor and State of Texas, during the months of November and December, 1916, and the month of January, 1917, and anterior to the

presentment of this indictment, make more, at least, than two different sales of intoxicating liquors, in violation of said law, to some person or persons to the grand jurors unknown."

In his charge the court submitted the matter to the jury as follows: "Now, if you believe from the evidence, beyond a reasonable doubt, that at the time alleged in the indictment local option was in force and effect in said Taylor County, and that the sale of intoxicating liquors was prohibited by law in Taylor County, Texas, if such were the case, and that the defendant on or about the 9th day of January, A. D. 1917, did, in the County of Taylor and State of Texas, engage in and pursue the occupation and business of selling intoxicating liquors in said Taylor County, Texas, if he did do so, and that in pursuance thereof the said defendant, within three years next preceding the 15th day of February, A. D. 1917, did make as many as two sales of intoxicating liquor in said Taylor County, Texas, if he did do so, as charged in the indictment, then you will find the defendant guilty of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquor in territory within which the sale of intoxicating liquor is prohibited by law, and assess his punishment at confinement in the State penitentiary not less than two and not more than five years, as in your discretion you will determine and so state in your verdict. Unless you should so believe from the evidence, beyond a reasonable doubt, you will acquit the defendant."

It was held by this court in Fitch v. State, 58 Texas Crim. Rep., 366, that an indictment under this statute was required to give the name of the alleged purchaser of the intoxicating liquor, touching two sales designated as essential in the statute. This holding has been uniformly adhered to, notably in Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583, and numerous other decisions.

The appellant excepted to the charge quoted above, upon the ground that it failed to require the jury, as a predicate for conviction, to determine from the evidence that two sales of intoxicating liquor had been made to the person designated in the indictment as the purchaser; and by it the jury was authorized to convict the appellant without finding the specific sales named in the indictment were made. Appellant also requested a special charge advising the jury that there could be no conviction unless they found from the evidence that two sales of intoxicating liquor, as charged in the indictment, had been made to H. H. Alexander. There was evidence that the sales were made to H. H. Alexander as alleged. There was also evidence that appellant made a sale of intoxicating liquor to a witness by the name of Walker. Appellant insists that in this condition of the record harmful error was committed by the failure to give the jury a clearer understanding that appellant's conviction could only be sustained in the event of a finding that he made two sales to Alexander, and that a finding that one sale was made to Alexander and one sale was made

to Walker would not authorize a conviction, because Walker was not named in the indictment as a purchaser. In writing the original opinion our impression was that appellant's rights in this respect had been protected by the paragraph of the charge quoted, which advised the jury that two sales as charged in the indictment were requisite. In reaching this conclusion we overlooked the fact that the indictment contained, in addition to the allegation that sales were made to Alexander, a general allegation that sales were made to unknown parties. In view of this last allegation the jury may have been misled by the charge given so as to conclude that although only one sale to Alexander was proved, that a sale to Walker, the unknown party described in the indictment, would justify a conviction. In the case of Rhodes v. State, 75 Texas Crim. Rep., 659, 172 S. W. Rep., 252, exactly the same question was before the court, and Judge Harper, delivering the unanimous opinion of the court, held that reversible error was committed by the trial court in giving a charge like the one given in this case and refusing to correct it in a requested special charge in substance like the one refused by the court in this case. The Rhodes case, supra, is conclusive against the State, and the original opinion being in conflict therewith was erroneous. We are not to be understood as holding that in a case where the names of the purchasers are unknown and can not be ascertained by the grand jury, that an indictment can not be drawn and the prosecution maintained for this offense by following the procedure defined by the decisions of this court construing article 456, C. C. P., and listed in Vernon's C. C. P. under said article.

We order that the judgment affirming this cause be set aside, and that for the error pointed out the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*