JACK AMONETT V. THE STATE.

No. 4793. Decided June 19, 1918.

1.—Occupation—Selling Intoxicating Liquors—Agency—Charge of Court.
    Where, upon trial of pursuing the occupation, etc., of selling intoxicating liquors in local option territory, the evidence showed that the defendant bought the liquor and delivered it to the alleged purchaser as his agent, the court should have submitted the requested instructions on the law of agency. Following Creed v. State, 71 Texas Crim. Rep., 509, and other cases.

2.—Same—Other Transactions—Charge of Court.
    While testimony of a sale made by the defendant to a party not named in the indictment as one of the purchasers of the liquor from defendant was admissible, as tending to show that defendant was pursuing the occupation of selling intoxicating liquors in prohibition territory, yet not having alleged such sale in the indictment it could not constitute a basis for conviction, and the court should have instructed the jury to this effect as requested. Following Fisher v. State recently reported, 197 S. W. Rep., 189, and other cases.

3.—Same—Former Acquittal—Sale Must Be Illegal.
    Where defendant was on trial for pursuing the occupation of selling intoxicating liquors in local option territory, he should have been permitted to

show that he had been previously acquitted of a violation of the local option law as to the sale to one of the alleged purchasers, as it is only an illegal sale that forms the basis of conviction.

**4.—Same—State's Witness—Cross-examination—Impeachment.**

Where one of the alleged purchasers was used by the State as a witness, the defendant, upon cross-examination of said witness, should have been permitted to prove by him that he had been previously arrested in different counties for various and sundry violations of the prohibition laws and incarcerated in jail, the evidence being sharply in conflict with reference to the sales.

Appeal from the District Court of Grayson. Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Cox & Cox* and *B. F. Gafford,* for appellant.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by indictment with pursuing the business and following the occupation of selling intoxicating liquors in local option territory.

The names of the alleged purchasers are set out in the indictment and the dates of the transactions. Evidence is also in the record to the effect that appellant was the agent of Hooker, one of the alleged purchasers, and that he bought whisky for Hooker from another party and did not himself sell it to Hooker. The court instructed the jury with reference to this matter but not clearly as contemplated by the law, and exception was taken by appellant. He requested a special instruction to the effect that if the sale was not made by himself to Hooker, but that he bought from another party as agent of Hooker and delivered the whisky under such circumstances to Hooker, this could not be considered by the jury as evidence of guilt of the defendant from that aspect of the indictment. We think this charge should have been given, and the court's charge does not sufficiently present this matter. If appellant bought the whisky as the agent of Hooker and delivered it to him, it would not be a sale by appellant to Hooker, and could not form the basis of conviction either for a violation of the local option law or as evidence of guilt for illegally pursuing the business of selling intoxicants in such prohibitory territory. If appellant sold the intoxicants to Hooker, this would be unlawful, but if he bought it as agent for Hooker and delivered it to him, this would not be unlawful, and the jury should have been specifically so charged. See Creed v. State, 71 Texas Crim. Rep., 509; also Fisher v. State, recently reported, 197 S. W. Rep., 189; Whitehead v. State, 66 Texas Crim. Rep., 5, 147 S. W. Rep., 583.

There was also evidence introduced of sales made by appellant to Balboa Rogers. Rogers was not named in the indictment as one of the

purchasers from appellant. While this testimony was admissible as tending to show that appellant was pursuing the business, in connection with other matters which would tend to show his following the business, yet not having alleged the sales to Rogers in the indictment, it should not constitute the basis of conviction. The court was asked to so instruct the jury, but this instruction was refused. This was error. Fisher v. State, 81 Texas Crim. Rep., 568, 197 S. W. Rep., 189; Whitehead v. State, 66 Texas Crim. Rep., 5, 147 S. W. Rep., 583.

There was also evidence introduced of a sale to one of the alleged purchasers. In this connection it was sought to be shown, to meet this sale, that appellant had been tried and acquitted for this alleged sale on the trial of a local option case. We are of opinion that the court should have permitted this evidence of acquittal, and we are further of opinion that where a party has been acquitted for violating the local option law and that sale is relied upon under an indictment charging the accused with pursuing the business, this acquittal could and ought to be shown. In a violation of the prohibition law it is only an illegal sale that forms the basis of conviction. Had appellant been tried for that sale or had he been convicted for such sale, we would have a different proposition. The law only justifies a conviction for illegally selling either under a local option charge or under one for pursuing the business. Legal sales would not constitute a violation of the law in either event. If appellant could show that he had been acquitted in a local option trial of one of the sales relied upon by the State in this case, then such sale would not form the basis of conviction, and the evidence should be admitted to show the acquittal, and the jury instructed not to regard that as a basis for conviction. That would not be an illegal sale, and would not form the basis of unlawfully following the business of selling intoxicating liquors.

The witness Hazelwood, one of the alleged purchasers, was used by the State, and upon cross-examination appellant offered to prove by him that he had been arrested in Collin and Grayson Counties for various and sundry violations of the prohibition laws and incarcerated in jail. Upon objections by the State this evidence was excluded, and we think erroneously. Hazelwood was a witness for the State and was subject to impeachment, and this is one of the modes by which a witness may be impeached. This rule applies in felonies. This case is rather on close lines for conviction. The witnesses for the State were impeached by the defendant, and no testimony was offered to sustain their reputation. The evidence is sharply in conflict with reference to the sales, and·under such circumstances any evidence that threw light upon the case should have been admitted, even to the impeachment of the witnesses.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*