JERRY LEWIS v. THE STATE.

No. 8225. Decided March 26, 1924.

**Unlawful Sale of Intoxicating Liquor—Indictment.**

Where, upon trial of unlawful sale of intoxicating liquor, the indictment failed to name the purchaser or to state any excuse for the absence of such an averment, the same was bad on motion to quash, and the prosecution must be dismissed.

Appeal from the District Court of Jasper. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. B. Forse* and *G. E. Richardson*, for appellant.—Cited Fisher v. State, 197 S. W. Rep., 189; Whitehead v. State, 147 id., 584; Ernest v. State, 201 id., 175.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment charges that the appellant "did then and there unlawfully sell spirituous, vinous and malt liquor capable of producing intoxication." It fails to name the purchaser or to state any excuse for the absence of such an averment. The statute demands in express terms that such an indictment contain the name of the purchaser. C. C. P., Art. 464. Many decisions are to the same effect. Alexander v. State, 29 Texas, 496; Dixon v. State, 21 Texas Crim. App., 517; Branch's Ann. Texas P. C., Sec. 1224, subdivision 7; Fisher v. State, 51 Texas Crim. Rep., 568, 197 S. W. Rep., 189.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*