### GUY HOOVER v. THE STATE.

No. 8125.    Decided March 26, 1924.

**Unlawful Sale of Intoxicating Liquor—Indictment—Purchaser.**

Where, upon trial of unlawfully selling intoxicating liquor, the indictment failed to name the purchaser, or to give any reason for the failure to do so, the motion to quash the indictment should have been sustained. Following: Alexander v. State, 29 Texas, 496, and other cases.

Appeal from the District Court of Orange. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one and one half years imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel*, and *Lamar Hart*, for appellant. Cited: Fisher v. State, 197 S. W. Rep., 189; Earnest v. State 201 id., 175, and cases cited in opinion.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one and a half years.

The indictment fails to name the purchaser or to give any reason for the failure to do so. The motion to quash the indictment should have been sustained. Compliance with the constitutional and statutory provisions touching certainty demands that in an indictment of this nature the name of the purchaser should be given, if known. If not, then the indictment should identify the transaction and state that the name could not be ascertained by the grand jury. This rule was established by the Supreme Court of this State in Alexander's case, 29 Texas, 496, and has since been given effect in many decisions of this court, notably Dixon v. State, 21 Texas Crim. App. 517, and others therein cited. Moreover, the statute declares that in such an indictment the name of the purchaser must be given. Art. 464, C. C. P.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*