LEE ANDREW BARNETT V. STATE.

No. 25419. October 24, 1951.

Hon. Claude Wm. Knight, Jr., Judge Presiding.

*Ross Hoffman,* Brady for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful sale of whisky in a dry

area, and as a second offender. The punishment was assessed at a fine of $500 and thirty days in jail.

Neither the complaint nor the information alleges the name of the purchaser of the whisky. As to this, the allegation is that appellant "did then and there unlawfully sell intoxicating liquor, towit; whisky in violation of said law." Under Arts 406 and 416, C.C.P., in order "to charge an unlawful sale, it is necessary to name the purchaser."

Such allegation is not necessary where the name of the purchaser is unknown, in which event the pleading must so allege.

In the instant case, the state relied upon the testimony of Summerlin, an agent of the Texas Liquor Control Board, who testified to having purchased whisky from appellant upon the date alleged. The state, therefore, knew the name of the purchaser and, in order to comply with the mandate of the statute, was required to name the purchaser in the complaint and information. Attesting authorities are: Jones v. State, 115 Tex. Cr. R. 418, 27 S.W. 2d 653; Whittlesey v. State, 97 Tex. Cr. R. 497, 262 S.W. 757; Loftin v. State, 97 Tex. Cr. R. 401, 261 S.W. 1031; Lewis v. State, 97 Tex. Cr. R. 152, 259 S. W. 1087; Hoover v. State, 97 Tex. Cr. R. 91, 259 S.W. 1088; Alexander v. State, 29 Texas 495, 496. The Lewis and Hoover cases, supra, are directly in point and controlling.

At the close of the testimony, the appellant challenged the sufficiency of the information to charge any offense under the law by motion for an instructed verdict, which was overruled.

The information being fatally defective, the judgment is reversed and prosecution ordered dismissed.

Opinion approved by the court.