**Herman TREADGILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 27995.**

Court of Criminal Appeals of Texas.

June 30, 1956.

See also 160 Tex.Cr.R. 658, 275 S.W. 2d 658.

Presley E. Werlein, Jr., Houston, for appellant.

Dan Walton, Dist. Atty., George D. Neal, City Atty., City of Houston, Charles A. Easterling, Asst. City Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This case arose in the Corporation Court of the City of Houston. Upon his conviction in that court for the violation of an ordinance of that city prohibiting the sale of fireworks within 5,000 feet of the corporate limits of said city, appellant appealed to the County Court at Law No. 2 of Harris County, where he was again convicted, with punishment assessed at a fine of $200.

This appeal is from that conviction.

The prosecution in both courts was upon complaint charging, in effect, that appellant "within the area of 5,000 feet immediately adjacent and contiguous to the incorporated limits of the City of Houston, in the County of Harris, and State of Texas, did then and there unlawfully at 8223 Katy Road, sell and offer for sale fireworks * * *."

It will be noted that there is an entire absence of any allegation as to whom the appellant sold or offered to sell the fireworks.

Art. 406, C.C.P., requires that in prosecutions for an unlawful sale the state's pleading must name the purchaser. We have given effect to the requirement of that statute in King v. State, Tex.Cr.App., 286 S.W.2d 422; Keeton v. State, 159 Tex.Cr.R. 431, 264 S.W.2d 737; Hoover v. State, 97 Tex.Cr.R. 91, 259 S.W. 1088.

Under the authorities cited, the complaint, here, is fatally defective.

It follows that the judgment is reversed and the prosecution is ordered dismissed.