**Alonzo LOPEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46052.**

Court of Criminal Appeals of Texas.

May 16, 1973.

---

Roberto J. Yzaguirre, McAllen, for appellant.

Oscar McInnis, Dist. Atty., and Thomas P. Beery, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted upon an indictment charging him with the offense of wilfully interfering with a police officer while such officer was in the exercise of functions intended to control, reduce or contain injury to persons or property during a riot, civil disturbance or other public disaster, as denounced by Article 472a, Vernon's Ann.P.C. Punishment was assessed at five years probated.

A brief summary of the evidence shows that on the date in question a group of people were "picketing" the police station in Pharr. At approximately dark the group began to shout and throw rocks. The police chief decided that the situation was getting out of hand and ordered the crowd to disperse. After this, many of the group, including the appellant, began throwing rocks, shouting, and just generally got out of control. The police began making arrests and arrested several of the group, including appellant.

The sole ground of error asserts that "the indictment does not charge in plain concise language the evidence constituting the essential elements of the offense attempted to be herein charged so as to enable the defendant to prepare his defense . . .."

The indictment substantially tracks the terms of the statute, Article 472a, supra. The form used is the same as that found in Section 539, Willson's Texas Criminal Forms Ann., 7th Ed.

Although it is not always sufficient to follow the language of the statute, compare Treadgill v. State, 163 Tex.Cr.R. 426, 292 S.W.2d 121, the general rule is that when the language of a statute is itself completely descriptive of the offense, the indictment will be sufficient if it follows the language of the statute and expressly charges the described offense of the accused. See, e. g., Burney v. State, 171 Tex.Cr.R. 274, 347 S.W.2d 723.

In the case at bar, we conclude that the indictment sufficiently informs the appellant of the offense charged.

There being no reversible error, the judgment is affirmed.