**Fred LAURY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48423.**

Court of Criminal Appeals of Texas.

May 8, 1974.

T. M. Reid, Abilene, for appellant.

Ed Paynter, Dist. Atty. and Bob Lindsey, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of unlawfully selling beer in a dry area as proscribed by Art. 666–4(b), Vernon's Ann., of the Liquor Control Act. Punishment was assessed at thirty (30) days in jail.

Neither the complaint nor the information alleges the name of the purchaser of the beer. The content of the allegation is only that appellant "did then and there unlawfully sell an alcoholic beverage, to-wit: beer . . . ." Under Arts. 21.12 and 21.23, Vernon's Ann.C.C.P., in order "to charge an unlawful sale, it is necessary to name the purchaser."

The only exception to this requirement is that such allegation is not necessary where the name of the purchaser is unknown, but in such event the pleading must so allege. Barnett v. State, 156 Tex. Cr.R. 396, 242 S.W.2d 885 (1951).

Since the name of the purchaser is not alleged, the information is fatally defective. Barnett v. State, supra; Wilson v.

State, 242 S.W.2d 886 (Tex.Cr.App.1951); Keeton v. State, 159 Tex.Cr.R. 431, 264 S. W.2d 737 (1954). This rule has also been applied to cases involving sales of goods other than alcoholic beverages. See e. g. Christa v. State, 171 Tex.Cr.R. 464, 351 S. W.2d 221 (1961); Treadgill v. State, 163 Tex.Cr.R. 426, 292 S.W.2d 121 (1956) (both sales of fireworks); Poston v. State, 296 S.W.2d 542 (Tex.Cr.App.1957) (sale of falsely labelled agricultural seed); and King v. State, 162 Tex.Cr.R. 453, 286 S. W.2d 422 (1956) (sale of falsely labelled feedstuff).

The information being fatally defective, the judgment is reversed and the prosecution ordered dismissed.