## CHARLIE CLARK v. THE STATE.

### No. 1039. Decided March 22, 1911.

**1.—Selling Intoxicating Liquor—Occupation—Local Option—Sufficiency of the Evidence.**

Where, upon trial of engaging in the occupation of selling intoxicating liquors in local option territory, the evidence showed that during the time alleged in the indictment defendant had no other regular business than selling intoxicating liquors, although he did odd jobs at times and applied to persons for employment, the conviction was sustained.

**2.—Same—Indictment—Validity of the Law.**

Where, in a prosecution of pursuing the business of selling intoxicating liquor in local option territory, the evidence sustained the indictment that the defendant had sold such liquor as a business during the time alleged in said indictment, the contention of defendant that the statute was ineffective and inapplicable for anything that was committed prior to its enactment was untenable; the law being in force at the time of the alleged offense.

**3.—Same—Constitutional Law—Local Option—Felony.**

The Act of the Thirty-first Legislature, page 284, making it a felony to engage in or pursue the occupation or business of selling intoxicating liquor in local option territory is constitutional. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases. Davidson, Presiding Judge, dissenting.

**4.—Same—Continuance—Want of Materiality of Testimony—Want of Diligence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, defendant's application for continuance alleged that he expected to show by the testimony of the absent witnesses that he applied for work and did all he could to get it; and also that he kept the whisky for his sick wife, but there was no time alleged during which he applied for work, etc., and the record showed that he ordered two cases of intoxicating liquors a week, there was no error in overruling said application; besides no diligence was shown.

**5.—Same—Charge of Court—Requested Charges Refused.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the court's charge strictly followed the law, the indictment and the evidence, and the requested refused charges were a mere restatement of the main charge, there was no error in refusing same.

**6.—Same—Charge of Court—Definition of Occupation and Business.**

Where the court, in his charge as to whether defendant was engaged in the occupation or business of selling intoxicating liquors in local option territory, submitted the reasonable doubt as to whether defendant was engaged in such business, and made the sales to the parties at the time alleged in the indictment, naming the same, the same was not argumentative or on the weight of the evidence, as it strictly followed the law as alleged in the indictment and the facts supporting it.

**7.—Same—Definition of Occupation—Charge of Court.**

While it was not necessary that the court, in defining occupation or business in a trial for pursuing the occupation of selling intoxicating liquors in local option territory, give such terms the enlarged meaning ordinarily contemplated, yet where he did so, such charge was more onerous on the State than the law requires, and defendant could not complain.

**8.—Same—Evidence—Books—Personal Knowledge.**

Where the express agent testified from his own personal knowledge, independent of his books, as to the shipments of intoxicating liquors to defendant, there was no error in overruling the objection that such books were the best evidence.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation or business of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted under the Act of April 15, 1909, p. 284, for engaging in or pursuing the occupation or business of selling intoxicating liquors in Fannin County, during the months from March to June, 1910, inclusive, prohibition having been in force in said county continuously since 1903, and his penalty assessed at two years in the penitentiary.

The evidence establishes, beyond controversy, that the appellant received, through the express company at Honey Grove, in Fannin County, shipments of intoxicating liquors on an average of twice each week during the months of April and May, 1910; that it was usual for him to receive one shipment every Friday and another about the middle of the week. Each of these shipments would weigh about fifty pounds; the express agent could not tell definitely how many quarts were in each shipment, nor could he tell whether the shipments were usually of twelve quarts. The appellant, himself, testified and admitted that he received shipments of liquor, as shown by the express agent, except that he thought the shipments were not quite so frequent. He kept this liquor about his house and many persons were seen going to his house at night, knocking at his back door and getting whisky from him. Also he is shown to have repeatedly filled his pockets with something, leave his house at night and go out on the streets, shortly returning without anything in his pockets. This occurred one night in May as often as three times; that he also, at night, and occasionally in the daytime, sold liquor at different places on the streets, usually at some out of the way or private place, carrying it in his pockets. During May, 1910, he sold a pint of whisky

three or four separate and distinct times to one of the witnesses, charging and receiving $1 each time. To another witness one pint on May 28, for which he was paid $1. To another witness four or more times about a week apart during the months of April and May and was paid $1 per pint for each pint. To another witness, about the same time, two pints about six weeks apart, for which he was paid $1 per pint. Many of these sales occurred at night. Some, as stated above, at various places on the streets in the daytime, and at night and other times, at his house where parties would go and get it at night, as stated above.

It was also shown that the appellant, during these months, did some odd jobs of work around. Long prior thereto he had worked for a year or two at a livery stable. During these particular months he had no other regular business than selling intoxicating liquor, yet did odd jobs at various things. It is also shown by himself and other witnesses that he, at different times, applied to various persons for employment, he, himself, claiming that he worked wherever he could get a job to work. The testimony of others showed that he did not do any regular work and only occasionally did odd jobs. The testimony is amply sufficient and fully establishes the appellant's guilt.

1. The appellant made a motion to quash the indictment on the following grounds: First, because the said Act under which he was prosecuted authorized the State to prove any sale made within three years prior to the filing of the indictment, when the law itself was in effect only since July, 1909; second, the said law is unconstitutional because it undertakes to punish persons for pursuing the business or occupation of selling intoxicating liquors in local option territory and authorizes the conviction on proof of two sales; third, that the law is unconstitutional, because it creates a new offense in prohibition territory where prohibition had been adopted prior to the enactment of this law; fourth, because it is class legislation and violates the Constitution on that ground, it being applicable to prohibition territory alone and to no other portion of the State; fifth, because it is retroactive and permits the conviction of persons for acts prior to its enactment.

Certainly, the law would not be unconstitutional because it might be claimed thereunder that evidence of the pursuit of a person prior to its enactment was authorized to be introduced in evidence. The most that could be said against the law in this respect would be that it would be ineffective and inapplicable for anything that was committed prior to its enactment. This has no force, however, in this case, because the indictment charged the commission of the offense from the time from March until June, inclusive, of 1910, and all of the sales that are alleged to have been made by the appellant were within that period. No evidence was offered as to anything that occurred prior to the enactment of the law.

An Act is not unconstitutional nor ineffective for any of the other

grounds set up in said motion. Practically all of these questions have already been decided adversely to appellant by this court. Fitch v. State, 58 Texas Crim. Rep., 366; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W., 125; Slack v. State, recently decided but not yet reported.

2. Appellant made a motion for continuance on account of the absence of Russell, Sailors and Harden, by whom he expected to show that he was a hard worker and applied to these witnesses respectively to assist him in securing work, and that he was active and constant in his efforts to secure work and did what he could get to do, and by the witness Dr. Baldwin he expected to prove that during the time, or a portion thereof, that he is alleged to have sold intoxicating liquors, his wife was sick, and Baldwin advised him to keep whisky on hand for his wife and that her condition required it at that time.

As to the witnesses Russell, Sailors and Harden, even if their testimony was admissible, no time is shown by the application for continuance at which he applied to these witnesses for work and requested their assistance in securing it for him, nor the time when he expected to prove by them that he was active and constant in his efforts to secure work and did what work he could get to do. So that, it can not be told from this application whether this testimony would have been admissible or not, because it is not shown that these things occurred at the time he is charged with the offense in this case. Besides that, this testimony may probably have been more against him than for him by showing that he was not at that time—if it was the time—when the witness would have sworn that this occurred that he was engaged in any other business. And it was also amply shown by his own testimony and others, too, that while he did some odd jobs during these months that he was not engaged in any other regular employment. As to what he expected to prove by the witness Baldwin, he, himself, testified, and it was not claimed to be shown by Baldwin that it was necessary for him for two or three weeks, while his wife was sick, to get and keep for her two cases of intoxicating liquors each week, containing, as the testimony tends to show, something like twenty-four quarts per week. In addition to this, no subpoena was attached to his application to show, and his application does not show, when the witnesses were subpoenaed to attend. So that his application was properly overruled on that account, if for no other.

3. Complaint is made by the appellant of the refusal of two charges requested by him, and of two paragraphs of the court's charge on the same question. The court gave an appropriate, full and correct charge, applicable to the case so far as any of the objections are made thereto by the appellant. The two paragraphs of the court's charge which are complained of are as follows:

"2d. If you believe from the evidence beyond a reasonable doubt that the defendant, Charley Clark, did, in Fannin County, Texas,

on or about the time charged in the indictment, and prior to August 18, 1910 (which is the date of the filing of the indictment herein), and subsequent to August 1, 1909, unlawfully engage in and pursue the occupation and business of selling intoxicating liquors, as alleged in the indictment, and you further so believe that the defendant unlawfully in said county and State, at the time alleged in the indictment, did make two different sales of intoxicating liquors to one Will Bryant and on or about the time alleged in the indictment, one sale to Ernest Tatum, and did make on or about the time alleged in the indictment, four different sales to John Foreman, and did during the months of April and May and June, 1910, make several different sales of intoxicating liquors to one Alonzo Shaw, then you will find the defendant guilty and assess his punishment at confinement in the State penitentiary for any term of years not less than two nor more than five; but unless you do so believe, you will acquit the defendant.

"3. You are further instructed that under the law in order to constitute or engage in or pursue the occupation or business of selling intoxicating liquors, it is necessary for the State to prove beyond a reasonable doubt that the defendant, Charley Clark, unlawfully engaged in and followed the occupation and business of selling intoxicating liquors in Fannin County at the time alleged in the indictment, and during the months of March, April and May and June, 1910, and that said sales, if any, must have been prior to August 18, 1910 (which is the date of the filing of the indictment herein) and unless you do so believe beyond a reasonable doubt, you will acquit the defendant and say by your verdict 'not guilty.' " The two charges requested by appellant which were refused are as follows:

1st. "I charge you, gentlemen of the jury, that before you can convict the defendant in this cause, you must believe from the evidence beyond a reasonable doubt that he engaged in the business of selling intoxicating liquors, and that he followed said business as an occupation, and unless you do so believe you will acquit the defendant. And in this connection, I further charge you, that while the law under which this prosecution is had, requires the State to prove as many as two sales within three years next preceding the filing of the indictment, before a conviction can be had at all, yet the proof of two sales within three years does not necessarily constitute the offense of pursuing the occupation and business of selling intoxicating liquors, as that question is one purely of fact for the jury to pass upon from all the facts and circumstances before them, and unless you do find from the evidence that the defendant did pursue the occupation and business of selling intoxicating liquors, as charged in the indictment, and so believe beyond a reasonable doubt, you will acquit the defendant."

2d. "I charge you, gentlemen of the jury, that an occasional sale of intoxicating liquors would not necessarily be a violation of the

statute under which this prosecution is had, and before you can con-vict the defendant in this case you must believe from the evidence beyond a reasonable doubt that he actually engaged in the sale of intoxicating liquors and followed same as an occupation and business, and unless you do so believe, you will acquit the defendant." The court refused both of these requested charges because they were em-braced in the main charge which he had already given. An inspec-tion of these charges will readily show that the court's charge strictly follows the law, the indictment and the evidence, and that these requested refused charges was a mere restatement substantially of the same thing, but less applicable to the facts of the case than that given by the charge of the court.

The complaint of the appellant as to the second charge of the court, above quoted, in his motion for new trial, is that it is argumentative, and on the weight of the evidence, singles out and charges on the testimony of several different witnesses for the State and makes no mention of the contradictory testimony of the defendant and his witnesses, and authorizes the conviction of the defendant if he sold the intoxicating liquors to the parties named therein, regardless of whether he followed it as his occupation or business or not, and deprived the jury of the right to determine whether, from all the facts and circumstances, the defendant did in fact pursue the occu-pation or business of selling intoxicating liquors.

The statute under which this prosecution and conviction was had requires that the indictment shall charge that the defendant engaged in or pursued the occupation or business of selling intoxicating liquors in prohibition territory after prohibition had been legally adopted and was in force therein, and shall allege, and it shall be proved, that the defendant made at least two sales of intoxicating liquors within three years next preceding the filing of the indictment. This court has held in the Mizell case and Fitch case, above cited, and other cases, that it is necessary to follow this law and allege all of these facts and give the names, times and places at which the respec-tive sales took place. The charge, therefore, is not subject to the criticisms made against it. It is neither argumentative, nor on the weight of the testimony, and while it specifies that the jury must believe beyond a reasonable doubt from the evidence that the sales were made to the respective parties to whom they are charged to have been made in the indictment, it does not authorize the jury to find the appellant guilty, by simply showing that he made two or more sales to these respective persons, but it requires that the jury shall believe beyond a reasonable doubt from the testimony that the appel-lant did engage in or pursue the occupation or business of selling intoxicating liquors, and that he also made the respective sales to the respective persons as charged in the indictment. This was strictly and properly within the law, was necessary to be charged and was in every way proper.

What we have said about charge No. 2 is equally applicable to the complaint made against charge No. 3. It would have been improper for the court to have repeated substantially these same charges by giving the charges requested by the appellant.

4. In connection with the charge of the court in defining what is meant by "occupation" or "business" under this statute, we desire to call attention to what this court said on that subject in the case of Fitch v. State, 58 Texas Crim. Rep., 366. It was contended in the Fitch case that the words "occupation" or "business" as used in this statute under which appellant was convicted meant the calling, trade, vocation or business which one principally engages in to procure a living or obtain wealth, and to sustain that contention the case of Cohen v. State, 53 Texas Crim. Rep., 422, was relied upon as authority. This court in that case on this point said:

"The Cohen case was dealing with a different subject entirely. In that case the defendant was indicted for pursuing the occupation or engaging in the business of keeping or storing spirituous, vinous and intoxicating liquors for others in a territory where the sale of intoxicating liquors had been prohibited by law, and this court held that the definition of business and occupation as given by the court was too restrictive. However, this court did not hold that the proof must show that the business was his principal business. We do not think that the charge requested by appellant in this case should have been given, as the same would make it practically impossible to enforce the statute in question, and that it gives to business and occupation a more enlarged meaning than is contemplated by the Act itself. The words 'vocation or business which one principally engages in to procure a living or obtain wealth' are not applicable to this kind of case. If this is the law and must apply in cases like the one before us, it would amount to an impossibility to ever convict a party. The statute evidently did not contemplate that such an enlarged meaning should be given to the words business and occupation. It was in the mind of the Legislature, evidently, to reach those cases where a man secretly, covertly and designedly carried on the business of selling whisky when he had opportunity. It did not require that it should be his principal business; it did not require that he should give his whole or the greater part of his time to it, but it was intended to reach cases where a man might plow all day and sell whisky at night that he had previously hid under his hay stack, or that he might engage in his usual avocation during the day and have concealed at some place whisky, and that he followed the business of selling this whisky whenever the opportunity presented itself. In other words, if he had a principal occupation, and yet engaged in the sale of whisky as a side line, and secretly, the law was intended to reach him, and it was not intended to make it exclusive. While the charge requested by appellant, we think, was not the law, it was sufficient to call the attention of the court to the fact that some defi-

nition should have been given to the words 'engaged in the business or pursuing the occupation of selling whisky.' We think that in cases arising under this statute it is not only necessary to make out a case on the part of the State to prove that the defendant kept in his possession whisky for sale, and that he had whisky on hand, but that he must actually make two sales before the offense is complete, and for the reason that the court failed to charge or give to the jury any guide so that they might determine what was the business or occupation within the meaning of the Act, the case will have to be reversed."

The court's charge in this case was much stronger against the State than was required. So, the charge of the court in every other respect was really much more onerous on the State than perhaps was required. The appellant was not, therefore, injured in any way on this account, because the court, by its charge, made the burden upon the State and in favor of the appellant greater than the law required.

5. The appellant objected to the testimony of Hill, the express agent, claiming that his express books showing the receipt of the shipments of intoxicating liquors to the appellant was the best evidence. The bill shows that the witness did not testify from his books at all, but that his testimony, as shown by him, was of his own personal knowledge, independent of any books at all. There was no error in overruling the objection to this testimony.

There being no reversible error in the case, the judgment is in all things affirmed.

*Affirmed.*

Davidson, Presiding Judge, dissents, and will write his views generally in the Slack case.