## HIGHTOWER v. STATE.

(Court of Criminal Appeals of Texas. Jan. 7, 1914. On Motion for Rehearing, March 18, 1914.)

**1. INDICTMENT AND INFORMATION (§ 159*) — AMENDMENT OF INDICTMENT — MATTER OF FORM.**

An indictment for pursuing the business of selling intoxicants in prohibition territory which alleged that the grand jurors in N. county "duly organized as such at the —— term, A. D. 191—," was properly amended by adding the name of the month and year; such an amendment being a matter of form which was authorized under the direct provision of Code Cr. Proc. 1911, arts. 598, 599.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 505–514; Dec. Dig. § 159.*]

**2. CRIMINAL LAW (§ 200*)—FORMER JEOPARDY.**

A former trial for making particular sales of intoxicants in prohibition territory was not former jeopardy, so as to bar a subsequent prosecution for pursuing the business or occupation of selling intoxicants.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 347, 386–409; Dec. Dig. § 200.*]

**3. INTOXICATING LIQUORS (§ 232*)—PROSECUTION—ADMISSION OF EVIDENCE.**

In a prosecution for pursuing the business of selling intoxicants in prohibition territory, evidence was admissible that accused was the person from whom a witness bought whisky.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 292; Dec. Dig. § 232.*]

**4. WITNESSES (§ 345*)—IMPEACHMENT—CONVICTION FOR CRIME.**

A misdemeanor conviction for selling intoxicants in prohibition territory does not involve moral turpitude, so that it cannot be shown, for impeachment purposes, that a witness was convicted of such offense.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1126–1128; Dec. Dig. § 345.*]

**5. WITNESSES (§ 268*)—CROSS-EXAMINATION.**

In a prosecution for pursuing the occupation of selling intoxicants in prohibition territory, accused could be asked, on cross-examina-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tion, how she accounted for so many people coming to her to buy whisky.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. § 268.*]

6. CRIMINAL LAW (§ 822*)—INSTRUCTIONS — CONSTRUING AS WHOLE.

A charge in a criminal case must be construed as a whole.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1990, 1991, 1994, 1995, 3158; Dec. Dig. § 822.*]

7. INTOXICATING LIQUORS (§ 239*)—INSTRUCTION.

In a prosecution for pursuing the business or occupation of selling intoxicants in prohibition territory, the court charged the statute that any person who pursues the occupation of selling intoxicants in prohibition territory shall be punished, and that, to constitute the pursuing of the business of selling intoxicants, the state must prove that accused made at least two sales, and further instructed that the jury could not convict because accused permitted certain persons to leave intoxicants upon her premises, but must believe, beyond a reasonable doubt, that she actually made sales of intoxicants in pursuit of the business of selling intoxicants, and that she was engaged in the business of selling intoxicants, and, if the jury did not find both facts established beyond a reasonable doubt, they should acquit, though they believed that one of the elements was proven. *Held*, that the instruction was not objectionable upon the ground that it permitted a conviction on proof of two separate and distinct sales.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.*]

8. INTOXICATING LIQUORS (§ 239*)—INSTRUCTIONS—PURSUING OCCUPATION.

The instruction was not objectionable on the ground that it did not sufficiently define the offense charged.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.*]

9. INTOXICATING LIQUORS (§ 236*)—PROSECUTION—SUFFICIENCY OF EVIDENCE—SALE.

In a prosecution for pursuing the business of selling intoxicants in prohibition territory, evidence *held* to show a sale of whisky to J., and not to show that accused was merely acting as J.'s agent in ordering the whisky for him.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. § 236.*]

10. INTOXICATING LIQUORS (§ 239*)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.

In a prosecution for pursuing the business of selling intoxicants in prohibition territory, the court refused a requested charge not to consider as a sale a transaction between accused and J., if he requested accused to order whisky for him, and paid her, for it from money due him, and accused ordered the whisky for him acting as his agent, but instructed, instead, that, if J. requested accused to order whisky for him, and she did so and acted as his agent in doing so, such transaction would not be a sale, unless J. paid accused for the whisky after it arrived or at delivery. *Held*, that the refusal of the requested charge and the giving of the charge was not reversible error; the evidence, in fact, showing a sale by accused to J.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.*]

11. INTOXICATING LIQUORS (§ 236*)—OFFENSES—PURSUING OCCUPATION.

In order to convict of pursuing the business or occupation of selling intoxicants in prohibi-

tion territory, the state need not prove each specific sale alleged, but need only prove that accused followed the business or occupation, and made at least two sales.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. § 236.*]

12. INTOXICATING LIQUORS (§ 239*)—OFFENSES—"PURSUING THE OCCUPATION."

The requested charge that by the term "pursuing the occupation" of selling intoxicants in prohibition territory was meant that accused was engaged in selling intoxicants as her chief business and occupation, and was engaged therein for the purpose of making a living or obtaining wealth, was properly refused as inaccurate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.*]

On Motion for Rehearing.

13. INTOXICATING LIQUORS (§ 238*)—ACCOMPLICES—JURY QUESTION.

In a prosecution for pursuing the business of selling intoxicants in prohibition territory, evidence *held* to make it a jury question whether a certain person was an accomplice.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 324–330; Dec. Dig. § 238.*]

14. INTOXICATING LIQUORS (§ 167*)—ACCOMPLICES.

That W. purchased whisky from accused would not make him an accomplice, under the statute, to the offense of pursuing the business of selling intoxicants in prohibition territory.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 182, 183; Dec. Dig. § 167.*]

15. INTOXICATING LIQUORS (§ 239*)—OFFENSES—PARTIES—ACCOMPLICES.

The court refused a requested charge, in a prosecution for pursuing the occupation of selling intoxicants in prohibition territory, that, if W. procured whisky to be ordered for the purpose of sale by accused, and assisted in the sale and participated in its proceeds either by receiving whisky or money, he would be an accomplice, and accused could not be convicted upon his testimony, unless there was other corroborative testimony tending to connect accused with the transaction alleged to have been had with W., and the corroboration was not sufficient if it merely showed the commission of the offense. *Held*, that the charge was properly refused, for not stating that the corroboration might be as to one of the two or more sales required to be proved, if a second sale was shown by other evidence, or that a corroboration as to two or more sales would authorize a conviction on the accomplice's testimony alone.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.*]

16. INTOXICATING LIQUORS (§ 236*)—ACCOMPLICES.

If an accomplice, who testified as to sales in a prosecution for pursuing the business of selling intoxicants in prohibition territory, was corroborated as to more than one sale, the jury could convict on his evidence, irrespective of a sale to any one else, and, if his testimony was corroborated as to only one sale, the state could convict, by showing, in addition to that sale, a sale to others proven by other evidence.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. § 236.*]

17. CRIMINAL LAW (§ 1172*)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.

In a prosecution for pursuing the occupation of selling intoxicants in a prohibition terri-

tory contrary to Pen. Code 1911, art. 589, failure to define the meaning of "engaging in or pursuing the occupation or business" of selling intoxicants would be favorable to accused, so that he could not complain thereof; since, without definition, the jury would naturally understand that the term meant the pursuit of the business as a vocation to procure a living or obtain wealth.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. § 1172.*]

18. CRIMINAL LAW (§ 800*)—PROSECUTION—INSTRUCTIONS—DEFINING OFFENSE.

In a prosecution for "engaging in or pursuing the occupation or business of selling intoxicating liquors" in prohibition territory contrary to Pen. Code 1911, art. 589, the court should properly define the quoted phrase.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1808–1810, 1812; Dec. Dig. § 800.*]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Emma Hightower was convicted of pursuing the occupation of selling intoxicants in prohibition territory, and appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. From a conviction for pursuing the business or occupation of selling intoxicating liquors in prohibition territory, appellant prosecutes this appeal.

At an election held in 1906, the law prohibiting the sale of intoxicating liquors in Nacogdoches county was carried and then duly put in force. The indictment was returned and filed February 16, 1912, alleging that the offense was committed on or about January 14, 1911. It charged the offense in compliance with the statute, and alleged eight specific sales to persons named. The state's evidence was sufficient to show that at least five of these specific sales were made, and, in addition, at least one other which was not specifically alleged. Appellant testified, denying each of these sales, and said she had made no sale to any person. The evidence showed that she had many times been prosecuted for making individual sales in violation of the prohibition law. Among other things, she testified that all classes of people, during the night and all night long, came to her house, asked for whisky, and it seems that this had been kept up for some time.

[1] The indictment, in the first part, alleged: "In the name and by the authority of the state of Texas, the grand jurors for the county of Nacogdoches, and state of Texas, duly organized as such [at the ——— term, A. D. 191—] of the district court of said county upon their oaths in said court present, etc." Before the trial began, upon the motion of the county attorney, the court permitted the indictment to be amended by inserting "February" and "2," making it read, where inclosed in the brackets, as above,

"February term, A. D. 1912." The court committed no error in permitting this amendment. The allegation was surplusage and a mere matter of form. C. C. P. arts. 598, 599; Grayson v. State, 35 Tex. Cr. R. 629, 34 S. W. 961; Murphy v. State, 36 Tex. Cr. R. 24, 35 S. W. 174; Osborne v. State, 24 Tex. App. 398, 6 S. W. 536.

[2] Pursuing the business or occupation of selling intoxicating liquors in prohibition territory is an entirely separate and distinct offense from making individual sales. Under an indictment and trial for the offense of pursuing the business and occupation, it is necessary to allege, as the statute requires, at least two specific sales to persons named. That an accused has been tried and either acquitted or convicted of said individual sales would present no question of former jeopardy when such specific sales are alleged in this offense. The court did not, therefore, err in holding that the former trial for these specific individual sales was not former jeopardy, and excluding evidence of an acquittal or conviction either on the same grounds. Robinson v. State, 147 S. W. 245; Wilson v. State, 154 S. W. 574; and other cases unnecessary to cite.

[3] As qualified by the court, no error is shown in refusing to permit appellant to ask Jude McKnight whether he was swearing the truth in giving his testimony in the county court trial, nor in admitting the testimony of Jeff Mora as to the identity of appellant as the person from whom he bought whisky.

[4] Nor did the court err in refusing to permit appellant to prove that the state's witness Wallace Jones had been convicted for selling intoxicating liquor; such conviction not having been a felony, and, as has been many times held by this court, a misdemeanor conviction for selling intoxicating liquor in prohibition territory is not an offense involving moral turpitude. Branch's Crim. Law, § 868, p. 551.

[5] Nor does appellant's bill, as qualified by the judge, that asking appellant on cross-examination by the state, and requiring her to answer how she accounted for so many people coming to her to buy whisky show any error. This was proper cross-examination.

There are some complaints by appellant of separate and distinct paragraphs of the court's charge; also of the refusal of the court to give certain special charges requested by her. None of these present any error.

[6] The charge of the court must be considered as a whole, when some paragraph or portion thereof only is criticized.

[7, 8] The criticism of different paragraphs of the court's charge, in effect, is that thereby the court permitted her conviction, if the jury believed the state had shown as many as two separate and distinct sales, and that the court's charge does not define the offense. The charge of the court, taken as a whole,

---

is not subject to any of these objections. The charge gives the substance in full of the statute in substantially, if not literally, the language thereof to the effect that, if any person shall engage in or pursue the occupation or business of selling intoxicating liquors in prohibition territory, he shall be punished, etc., "and the law further provides that in order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors within the meaning of the law, it shall be necessary for the state to prove that the defendant made at least as many as two sales," etc. Then, in submitting the case to the jury for a finding, required that they shall believe beyond a reasonable doubt, not only that appellant engaged in and pursued the said occupation and business, etc., but did make two or more sales of such liquor before they could find her guilty. Both requisites of the statute are plainly charged and both are required to be found before a conviction can be had. This is fully in accord with the many decisions of this court. It is unnecessary to cite them all. See Clark v. State, 61 Tex. Cr. R. 600, 136 S. W. 260; Dickson v. State, 146 S. W. 918; Wilson v. State, 154 S. W. 576.

In addition to the court's charge, this special charge of appellant was also given: "You are instructed that you cannot convict the defendant in this case for pursuing the business and occupation of selling intoxicating liquors, as charged in the indictment, because she permitted certain parties to leave intoxicating liquors upon her premises. Before you can find her guilty under this indictment, you must find from the evidence, beyond a reasonable doubt, the following two propositions: First, that she actually made sales of intoxicating liquors in pursuit of the business and occupation of selling intoxicating liquors; second, and that she was engaged in the business and occupation of selling intoxicating liquors. And, if you fail to so find the facts to be, or if you fail to find that both facts have been established beyond a reasonable doubt, you will return a verdict of not guilty, and this notwithstanding you believe beyond a reasonable doubt that one of said essential elements has been proven."

One of the specific sales charged in the indictment was to Wallace Jones. In effect, he testified that, prior to December 17, 1911, he had done some work for appellant for which she owed him 90 cents; that on Monday about that date he saw appellant at her house and told her he would be back there the following Saturday, and that, if she could get anything, or was making up any orders for whisky, to put him in for a half gallon and he would pay her on Saturday; that he went to her on Saturday and asked her if she had gotten the whisky or had it; that she said, "Yes"; at the time she was in one room of her house taking a bath, and he did not see her; that she told him where to find

the whisky, two quarts, under the table; that he found it where she told him, and he told her that he would pay her as promised—that is, $3—by paying her the difference between what she owed him, 90 cents, which was $2.10; that he then left, as he told her, the $2.10 on the table, took the two quarts of whisky and left, thus paying her $2.10 cash, and the 90 cents which she owed him for work, for the two quarts of whisky. He didn't know whether she had ordered the whisky for him or not. In effect, she testified substantially the same as appellant, except that she never ordered this whisky for him, but that she herself got Tom Edmonson to order it, and at the same time to order for her some whisky; that Edmonson did order the whisky for her and Jones and brought a gallon to her house before Jones returned that Saturday; that when she had Edmonson to order a gallon of whisky she gave him $3 for that purpose. She said at the time Jones, on Saturday, came and got the two quarts of whisky she was in the room taking a bath, and did not see him, but told him where to find and get the two quarts of whisky, and that he told her at the time that he would leave the $2.10 cash on the table, and that, with the 90 cents she owed him for said work, would pay her for the two quarts of whisky. According to her testimony, she gave Edmonson $3 to buy a gallon of whisky, which he did; that, when Edmonson brought it to her, she took her two quarts, half of it, and that Jones, when he got the other two quarts, paid for it, as stated above, but she claims that, while she supposes Jones left the $2.10 on the table for her, as a matter of fact, she did not get the $2.10.

[9] Taking the testimony as a whole, this would clearly show a sale by appellant to Jones of two quarts of this whisky, and it would not show that she was acting merely as the agent of Jones in ordering this whisky for him, and that it was his whisky and not hers, under the decisions.

[10] However, appellant requested, and the court refused, a special charge not to consider as a sale said transaction with Jones if he requested her to order, or have some one order for him some whisky, and to pay her therefor out of money then due him, and, in pursuance of said instructions, she ordered or had said liquor ordered for Jones, and, in so doing, acted as his agent. Instead the court charged them, doubtless because of this special requested charge, and invited thereby, that, if said Jones requested her to order whisky for him, and if she did so, or had some one else to do so for her, and that she acted as his agent in ordering such whisky, or if they had a reasonable doubt thereof, such transaction would not be a sale to said Jones, and not to consider such transaction, unless said Jones paid her for said whisky after it arrived, or at the time of the

delivery. Such charge and the refusal of her special charge present no reversible error.

[11] The state did not have to prove each and every one of the specific sales alleged before appellant could be convicted. It was under the necessity of proving that she followed the business or occupation, and made at least two of said alleged sales. The court did not err·in refusing appellant's special charge that the state had to prove every one of said sales.

[12] Neither did the court err in refusing appellant's special charges to the effect that, if she made only an occasional sale, even on two or three occasions, she could not be convicted of pursuing the business or occupation, and that by the term "pursuing the occupation" is meant that she was engaged in selling intoxicating liquors as her chief business and occupation, nor that such term means a business in which one engages for the purpose of making a living or obtaining wealth. The evidence did not call for a charge on an occasional sale, and appellant's definition of what is meant by pursuing the business or occupation of selling intoxicating liquors in prohibition territory has all the time been held improper under the statute by the decisions of this court. As stated above, the court's charge and that given at appellant's instance required the jury to believe beyond a reasonable doubt that appellant pursued the business or occupation of selling intoxicating liquors and, in addition, made more than two sales before they could convict. Taken as a whole, and especially in connection with appellant's said special charge given, the charge correctly and substantially submitted every question proper and necessary to be found before a conviction could be had.

The evidence did not call for a submission to the jury of whether or not Whitton was an accomplice, and the court did not err in refusing appellant's special charge on that subject.

There being no reversible error, the judgment is affirmed.

### On Motion for Rehearing.

There are but two questions raised by the motion for rehearing which are necessary to discuss:

1. The first is the court's refusal to submit to the jury whether the witness Whitton was an accomplice. Appellant raised and saved this point by requesting a charge on the subject, and by taking a bill of exceptions to the refusal of the court to give such charge, and then in the motion for new trial.

[13] Upon a thorough review of the evidence, we have reached the conclusion that it does raise the question of whether or not Whitton was an accomplice, and that we were in error in holding it did not in the original opinion, and we now hold the court should have submitted that question to the jury. The effect of his testimony tends to show that he knew appellant kept, or got, whisky for sale, and his testimony tends to show that she made sales thereof, and was engaged in that business. In the indictment he is alleged to be one of the persons who made two separate and distinct purchases of intoxicating liquors from her while she was so engaged in said business. He testified he bought whisky from her three or four times.

[14] The mere fact that he purchased whisky from her would not make him an accomplice under the statute and decisions of this court (Creech v. State, 158 S. W. 282, 283, and cases there cited);· but his testimony went further to the effect that he joined her in an order for whisky in his own name and received and receipted therefor, and delivered it, or had it delivered to her; also that she ordered other whisky in his name without his knowledge, but that, when it reached Nacogdoches, being in his name, the carrier refused to deliver it to any one except to him, and thereupon he at last, at hers and the instance of others for her, receipted for and received said liquor, and turned it over to her' or had it turned over to her. It appears that this is some of the liquor, or at least was received about the time that others testify they bought whisky from her. These acts on his part would tend to show that he was an accomplice.

[15] The first paragraph of appellant's special refused charge on this issue is: "You are' instructed, as a part of the law in this case with reference to the alleged sale to the state witness I. A. Whitton, that, if said Whitton ordered or procured whisky to be ordered by or for the defendant for the purpose and assisted in the sale, if any were made to him or to other persons, and participated in the proceeds of said sale, either by receiving whisky or money, then he would be an accomplice, and you will not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of said Whitton's testimony tending to connect the defendant with the transaction alleged to have been had with Whitton, and the corroboration is not sufficient if it merely shows the commission of the offense charged." This paragraph suggests, at least, that a correct applicable statement of the law be given. In further applying the law to the facts, the latter paragraph of appellant's said charge, as it is shown in this record, should not be given.

[16] Instead, an appropriate application to the facts should be made as the jury might find he was corroborated as to one and not more than one sale to him. If to more than one, then, without reference to an alleged sale to any other person on this feature of the law, they could convict. If to one only, then they could, with that one and one or more other alleged sales to oth-

ers, if proven as to this feature of the law, convict. If neither sale to him was corroborated, then they could convict as to this feature if the state showed two alleged sales to others, without reference to either of the alleged sales to Whitton. We merely call attention to these matters so that in another trial the learned trial judge can charge to cover these various features.

[17] 2. When the court does not define what is meant by "engage in or pursue the occupation or business of selling intoxicating liquors" as used in article 589, P. C., substantially as was. done by the charges in Dickson v. State, 146 S. W. 918, or Creech v. State, 158 S. W. 282, and many other cases decided by this court, and as discussed and illustrated in Fitch v. State, 58 Tex. Cr. R. 367, 127 S. W. 1040, but merely charges in the language of the statute, or substantially so on this feature, such charge would be against the state and in favor of the accused (Clark v. State, 61 Tex. Cr. R. 601, and 604, 136 S. W. 260); for, if not defined as in the Dickson and Creech Cases, supra, then the jury would understand to "engage in or pursue the occupation or business," etc., meant "calling, trade, vocation, or business which one principally engages in to procure a living, or obtain wealth." Article 10, P. C.; Standford v. State, 16 Tex. App. 331: Love v. State, 31 Tex. Cr. R. 469, 20 S. W. 978.

[18] So that in all cases tried under said article 589, as this case was, the lower courts should charge defining said terms of the statute in favor of the state substantially as said charges in the Dickson and Creech Cases, or as discussed and illustrated in the Fitch Case, supra; but, if they do not so charge in favor of the state, the accused has no ground to complain. Christian v. State, 161 S. W. 101.

For the error of the lower court in not submitting the question of whether or not Whitton was an accomplice and requiring his corroboration, the judgment heretofore affirming this case is set aside, the rehearing granted, and the cause is now reversed and remanded.